UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

| | | |
|---|---|---|
| **INTELLIGENT MANAGEMENT SOLUTIONS, LLC d/b/a IMS EXPERTSERVICES,** 4400 Bayou Boulevard, Suite 6 Pensacola, Florida  32503 | : : : : | CASE NO: |
| Plaintiff, | : | |
| v. | : | |
| **SHARIDAN STILES,** 2570 Harlan Drive Redding, California  96003 | : : | |
| and | : | |
| **STILES 4 U, INC.,** 2570 Harlan Drive Redding, California  96003 | : : | |
| Defendants. | : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Intelligent Management Solutions, LLC d/b/a IMS ExpertServices ("IMS"), by and through its undersigned counsel, and for its Complaint against Defendants Sharidan Stiles and Stiles 4 U, Inc., Plaintiff states as follows:

1. At all times relevant hereto, Plaintiff IMS was and is a limited liability company organized under the laws of the State of Florida, having its principal place of business in Pensacola, Florida. Plaintiff IMS was and is in the business of providing consulting services to consumers.

2. At all times relevant hereto, there was a single member of said limited liability company, namely, Expert Holdings, LLC, which is a limited liability company organized under the State of Texas and having its principal place of business in Texas. Further, at all times relevant hereto, Expert Holdings, LLC, consisted of two members, IMS Blocker, Inc., which owns 80% of Expert Holdings, LLC, and IMS HoldcoFL, Inc., both being corporations organized under the laws of the State of Florida. Said entities are the only members of Expert Holdings, LLC.

3. Accordingly, all entities pertaining to Plaintiff IMS, including its members, holding companies, and related entities, are citizens of the States of Texas or Florida and have their principal place of business in Texas and/or Florida, and/or are domiciled in the States of Texas and/or Florida.

4. At all times relevant hereto, Defendant Stiles 4 U, Inc., was and is a corporation organized under the laws of the State of California, having its principal place of business in the State of California.

5. At all times relevant hereto, Sharidan Stiles was and is a natural person residing in California and is thus a citizen of California for diversity purposes.

6. Federal Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars and No Cents ($75,000.00).

7. This Court has personal jurisdiction over Defendants as said Defendants entered into a contract for services with a Florida company, and because said Defendants have such other minimum contacts with the State of Florida that they are subject to suit in this State.

8. Venue is proper under 28 U.S.C. § 1391 because Plaintiff IMS is a limited liability company organized under the laws of the State of Florida, having principal place of business in Pensacola, Florida, and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

9. On or about February 21, 2020, Plaintiff and Defendants, through their agents, servants, employees, or assigns, entered into a services contract for the retention and use of expert consultants to assist, advise, and render opinions to Defendants in connection with the case of *Sharidan Stiles, Stiles 4 U, Inc. v. Wal-Mart Stores, Inc., et al*, Case No. 2:14-CV-02234.

10. On or about February 21 and February 27, 2020, Defendants executed engagement letters (the "Contracts") with Plaintiff IMS which established the scope and terms of Plaintiff IMS's services, as well as all payment obligations by Defendants. Specifically, as consideration for the engagement of expert witnesses,

Defendants agreed to pay the expert consultants' hourly rate and Plaintiff IMS's fees directly to Plaintiff IMS.

11. Pursuant to the terms of the Contracts, Plaintiff and Defendants agreed invoices would be presented to Defendants, or its agents, by Plaintiff IMS on a monthly basis, and payment would be due within thirty (30) days of the invoice date.

12. True and accurate copies of the Contracts which existed between Plaintiff IMS and Defendants will be separately filed with Court under seal. *See Exhibit A, Contract.*

## COUNT I: BREACH OF CONTRACT

13. Plaintiff IMS hereby incorporates Paragraphs 1 through 12 of the Complaint as Paragraphs 1 through 13 of Count I of the Complaint, as if fully set forth herein.

14. From approximately February 24, 2020 to approximately May 22, 2020, Plaintiff IMS and the expert consultants it identified to provide services to Defendants rendered services as requested and pursuant to the Contracts. In association with the provision of said services, Plaintiff IMS provided to Defendants, through its agent, itemized invoices for services. Those invoices for services shall be filed separately with the Court under seal as a collective exhibit. *See Exhibit B, Invoices*.

15. Despite the terms of the Contracts and fulfillment of contractual responsibilities by Plaintiff and its agents, Defendants have failed and refused to provide the compensation required under the contract for services rendered. At present, Defendants are indebted to Plaintiff in the amount of $228,269.57, not including interest, costs, attorneys' fees for which Defendants are contractually obligated pursuant to the terms of the Contracts, or other damages, all of which Plaintiff IMS is entitled to pursuant to the contract in question.

16. All conditions precedent for Plaintiff to receive payment of the amounts owed pursuant to the Contracts have occurred.

17. Despite reasonable demand, Defendants have failed and refused to satisfy this debt, thereby breaching the Contracts and causing Plaintiff to sustain damages including, but not limited to, the cost and expense of Plaintiff being obligated to seek the services of an attorney.

## COUNT II: UNJUST ENRICHMENT

18. Plaintiff IMS hereby incorporates Paragraphs 1 through 17 of Count I of the Complaint as Paragraphs 1 through 18 of Count II of the Complaint, as if fully set forth herein.

19. Plaintiff IMS provided Defendants with expert consultants for use by Defendants, thereby conferring a benefit on the Defendants.

20. Defendants have failed to compensate Plaintiff for the benefit conferred through the provision of the subject expert and the fulfillment of other duties by Plaintiff.

21. Under the circumstances, it would be unfair and unjust for Defendants to not compensate Plaintiff for the benefit of utilizing said experts and the benefits conferred by the services of Plaintiff.

22. As a direct and proximate of Plaintiff conferring said benefit and Defendants failing to compensate Plaintiff for that benefit, Plaintiff has sustained damages, including compensatory damages, attorneys' fees, interest, costs, and such other damages to which it is justifiably entitled.

WHEREFORE, Plaintiff IMS respectfully requests an award of compensatory damages in the amount of $228,269.57, plus pre-judgment and post-judgment interest at the statutory rate, incurred attorneys' fees, future attorneys' fees associated with the enforcement of any judgment in this action, court costs, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

A trial by jury is hereby demanded.

Dated: November 11, 2021					Respectfully submitted,

								_____
								Brian P. Henry, Esq. (89069)
								ROLFES HENRY CO., LPA
								5577 Broadcast Court
								Sarasota, Florida 34240
								Phone: (941) 684-0100
								Fax:   (941) 684-0109
								Service:    bhenry@rolfeshenry.com
								srainwater@rolfeshenry.com

								*Attorney for Plaintiff*
								*Intelligent Management Solutions,*
								*LLC d/b/a IMS ExpertServices*